Stanton C. Oshiro, Esq., HSBA#009
Court-appointed counsel, Honolulu, HI.
(CR 93-144, Hilo, Consolidated)

M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Francis Anthony Grandinetti, II;
FBI ID# 8837777EA3, Honolulu, HI.
_____
Full name and prison name of
Plaintiff(s)

v.

President William J. Clinton, D-AR;
Attorney General Janet Reno, D-FL;
FBI Director William Sessions;
BOP and DOJ Prison Wardens and
Administration; et al.
U.S. Official Defendants.
_____
Name of person(s) who violated your
constitutional rights. (List the names
of all the person.)

(Federal Habeas Corpus Writ)

CIVIL ACTION NO. 2:07 cv 275-WHA
(To be supplied by Clerk of U.S. District Court)

Class-Action Defendants, Fed.R.Civ.P.
Rule 23(a) and 23(b).
"Imminent Injury Case, §1915(g) of
PLRA of 1995."

I. PREVIOUS LAWSUITS
   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ☑  No ☐   7.g.

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment?    YES ☑    NO ☐   7.g.

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:
         Plaintiff(s) Francis Anthony Grandinetti, II; aka's, individually and on behalf of others similarly situated as State of Hawaii inmates on exile to other venues.
         Defendant(s) Governor Benjamin J. Cayetano, D-HI; DPS Director George Iranon, et al.; Bobby Ross Group, Inc., a Texas corporation, dba BRG, agents for DPS-Hawaii.
      2. Court (if federal court, name the district; if state court, name the county)
         U.S. District Court, District of Hawaii, Honolulu.
         300 Ala Moana Blvd., Rm C-338, Honolulu, HI 96850.
         (Lead case.)

(1)

3. Docket number  1:96-CV-031 DAE/FIY, Honolulu, HI.

4. Name of judge to whom case was assigned  David A. Ezra, U.S.D.J. Francis I. Yamashita, U.S.M.J.; and Alan Kay, C.U.S.D.J.

5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?)  Order, Venue, 28 U.S.C. §1406(a) order, 2/96.

6. Approximate date of filing lawsuit  January, 1996, by mail filing.

7. Approximate date of disposition  1999, Reconsideration Denied, Venue.

II. PLACE OF PRESENT CONFINEMENT  CCA/TCCF #1403 federal contractor, 295 U.S. Highway 49 South, Tutwiler, MS 38963. Tel. (662)345-6567.

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED  DPS-Halawa Correctional Facility (HCF), 99-902 Moanalua Rd., Aiea HI 96701.

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | President Clinton, W.J. | White House, 1600 Pennsylvania Ave, Washington, DC 20000 |
| 2. | Attorney General Reno, J. | " |
| 3. | Director FBI Sessions, W. | " |
| 4. | BOP/DOJ Directors, Various. | |
| 5. | Senate President, U.S. (Vice-Pres.) | |
| 6. | Solicitor General, U.S., | Room 5614, Dept. of Justice 950 Pennsylvania Avenue, W.W. Washington D.C. 20530-0001 |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED  April 10, 1996, date of enactment of the P.L.R.A. of 1995; Signed by President Clinton.

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:  "Constitutional Citizen" U.S. (Born in Syracuse, N.Y., 11-16-1966, during Viet Nam War, to an Active Services father, U.S.M.C.)

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

Constitutional citizens are "federal citizens" first, not "state citizens" first. They have different legal duties and obligations. Plaintiff herein was born as a "military citizen" and "federal New York citizen," and therefore, he goes by U.S. policies, presidential policies, DOJ policies, etc. (County, city, state policies are "estopped.")

GROUND TWO: "Republican Citizen" as Defined in U.S. Constitution. Republican Party government citizen. (Does not recognize Democratic government policies/laws.)

SUPPORTING FACTS: At age 18, plaintiff registered as a "Republican Party" citizen, and supported President George Bush. Also, did a lot of political party work. All of plaintiff's work from 1980 to 2007 has been designed to promote Republican Party rights identified under the U.S. Constitution. The privilege of Republican laws or policies, over non-Republican laws or presidential policies, is my "right."

GROUND THREE: "White Citizen" as Defined by the Common Laws of the U.S. (Not a "Black Citizen" or "Oriental Citizen" or an "I.N.S./Foreign Citizen" to the U.S.). Confederate Rights.

SUPPORTING FACTS: The "Separate But Equal Doctrine" is what I have been following; 1890's. I did not consent to Brown vs. Board of Education "nationwide integration." I did not consent to President Kennedy/President Johnson, for 1964-1968 Civil Rights Acts for "non-whites." I have only been practicing white laws, and have not been advocating the rights of Negroes/Black Americans. Opposed to Blacks being in charge of U.S.; I am for "Confederate Law" in South, not Washington D.C. laws, due to opposition to the Confederate states' admission to Union.

(3)

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

a. This is a challenge to the PLRA of 1995 and the AEDPA. A federal law may be contested or excluded based upon: (a) unlawful law, or (b) unlawful application to any legal class of citizens. 28 U.S.C. § 2403(a). The PLRA is a "Confederate Law" or a "Black Law" and does not apply to real citizens (Constitutional citizens), military citizens (presidential citizens), or to Whites not consenting to Black Rights laws.

b. Venue is valid in the U.S. Eleventh Circuit, as a "Confederate Law" case and a Browder Bussing Law case. ID# 883777EA3, FBI number, Honolulu.

X _____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. §1746.)

Executed on March 19, 2007, Monday.
              (Date)

_____
Signature of plaintiff(s)
Francis Anthony Grandinetti, II

aka:
Francis P. Grandinetti,
Francis Grandinetti III,
Frank Grandinetti,
Anthony Ishikawa (alias).

(4)

Francis A. Grandinetti,
aka Francis P. Grandinetti
CCA/TCCF #1403
295 U.S. Hwy. 49 South
Tutwiler MS 38963-5072

MAILED FROM
TALLAHATCHIE COUNTY CORRECTIONAL FACILITY
NOT RESPONSIBLE FOR CONTENT

Legal Mail – U.S.P.S.
28 U.S.C. §2403(a) Case

CLERK
US DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P O BOX 711
MONTGOMERY AL
36101-0711

Mr. Francis Grandinetti
TCCF #213444, inmate
Corrections Corporation of America (CCA)
295 U.S. Highway 49 South
P.O. Box 368
Tutwiler, Mississippi 38963
Telephone: (662) 345-6567, facility telephone.
Plaintiff-Appellant, Pro Se.

In The United States District Court
For The Middle District of Alabama
Northern Division

Francis Anthony Grandinetti, II, detainee;
USCA9 No. 96-80449 ID, 12/27/95.
Plaintiff.

vs.

President William J. Clinton, U.S.;
Governor Riley, Alabama;
Governor Barbour, Mississippi;
Governor Lingle, Hawaii; and states of
Alabama, Florida, Georgia, 11th Circuit.
Defendants.

* (Reference No. 5:06-CV-0057-C, NDTX-LBK)
* Motion For An Order, Attachments
* Class-Action Case, "Imminent Injury"

Pro Se Motion For A Report And Recommendation of Complaint, Pending Appeal.

On March 23, 2006, at 10:02 AM, Debra P. Hackett, Clerk, the district court "Received" a 42 U.S.C. §1983 "multi-venue" Complaint. The Complaint was cancelled as to date, above, and returned by the Clerk on March 28, 2006. The plaintiff timely appealed on April 13, 2006, at Atlanta, GA; Angela B. Mitchell, Deputy Clerk. Within thirty days of the original filing date, March 23, 2006, a party may move for a Report and Recommendation of Magistrate Judge, before a formal appeal is taken. FRAP 4(a)(4)(A)(ii), factual findings. The district clerk's instructions have been complied with, and the original documents have been resubmitted to this Court. See Exhibits A-H, reviewed on April 24, 2006. Rule 52(b), findings.

The original complaint, Exhibit "F" has been reviewed and revised to April 24, 2006; as attached. An I.F.P. application, 28 U.S.C. §1915, as amended, was signed and dated on March 31, 2006. The application was then reviewed on April 24, 2006, with changes made thereon. The CCA prison staff will not permit photocopies of the documents to be made, nor allow a printout of the ledger account to be reported. Defendants will not settle out of court, and will not release the plaintiff at Mississippi. The defendants refuse to settle monies or costs herein out of court. The United States owes the cost of the filing fee, not the plaintiff. Statutory jurisdiction of the causes are based on 42 U.S.C. §1981-1986; and 28 U.S.C. §1343, the civil rights statutes. President Clinton signed into law the P.L.R.A. of 1996, and the Amended In Forma Pauperis Act, which estops or cancels civil rights, while under U.S. detention. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). The P.L.R.A. is non-applicable to: U.S. citizens, U.S. citizens from the original or founding states, U.S. citizens on military duty or civil U.S. service duty, U.S. citizens pending trial (pre-trial §1983 cases), U.S. political prisoners (e.g., M.L. King), undercover agents in jail, C.I.A. protestors, or U.S. citizens alleging 1949 Geneva Conventions immunity. (Claim I.)

A cause of action can be made out at Alabama, based on the Mississippi-Alabama-Hawaii contracts. However, a cause of action can be made out in the U.S. Eleventh Circuit, based on: (1) "Confederate retaliation," (2) K.K.K.-style incidents, (3) black peoples' rights and issues, (4) a challenge to the constitutionality of 42 U.S.C. §1983 in prisons or jails (slavery law), (5) MLK law; and (6) substitute venue at Georgia in lieu of New Orleans, for major civil rights violations of plaintiff at Texas, Oklahoma, Louisiana, and Mississippi. 28 U.S.C. §1407(a). (Claim II).

A co-case to the complaint at bar is 5:06-CV-0057-C, Northern District of Texas, Lubbock Division. This court shall take judicial notice of the claims therein. As Hawaii and Texas waived their own venues, and the present state, Mississippi, waived its jurisdiction, transfer to Alabama and Georgia for asylum and release may be pursued. 28 U.S.C. §1407. Upon transfer to Georgia, the plaintiff may plead unlawful arrests at Texas, Oklahoma, Missouri, Iowa, Minnesota, Tennessee, Arizona, and other states; and at Mississippi, 2004 to 2006. "Underground railroad law" and white slavery law claims are governing. (Claim III). U.S. v. Jones, 722 F.2d 632 (11th Cir. 1983).

The final claim in this lawsuit is that President Clinton and governors Barbour, Riley and Lingle, are using the plaintiff to challenge the Montgomery, Alabama bussing cases, Browder Panel Cases, 142 F.Supp. 707 (M.D. Ala. 1956), aff'd 352 U.S. 903, 77 S.Ct. 145, 1 L.Ed.2d 114 (1956). Using Alabama and Mississippi to challenge inmate bussing will subject the defendants to venue in Alabama and Georgia. Venue is therefore valid. (Claim IV.)

WHEREFORE, this complaint is of merit under Rule 12(b)(6), and a Report and Recommendation shall prospectively be entered on the causes, for purposes of appellate review. (Fed. R. Civ. P. 11.)
Dated: Tutwiler, Mississippi, April 24, 2006.   28 U.S.C. §1746.
By: _Francis Anthony Grandinetti, II_
Plaintiff-Appellant Signature, Pro Se



APR 1 3 2006

ATLANTA, GA

DEBRA P. HACKETT, CLERK

## UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

TELEPHONE (334) 954-3600

March 28, 2006

Francis Grandinetti, #213444
TCCF
295 US Hwy 49 South
Tutwiler, MS 38963

Re:   Returning of New Complaint

Dear Mr. Grandinetti

The clerk's office is in receipt of a copy of your new civil action Complaint. However, all pleadings and complaints for filing must be original. Furthermore, you did not include either the $250 filing fee or file an Application to Proceed In Forma Pauperis. If you wish to file a case in our office, you must file an original complaint along with the filing fee or necessary Application to have the fee waived. We have enclosed our standard civil rights form and application for your convenience. Please make note that your case has not been filed at this time and is being returned to you for corrections.

If we can be of further assistance, please contact our office.

Sincerely,

Debra P. Hackett, Clerk

By: 
Deputy Clerk

DPH/wl

Enclosures

Attachment/Exhibit "C"   04/24/06

Mr. Frederic Anthony Grandinetti, Sr.
[illegible address lines]

N.O.A.:
Reviewed on
April 24, 2006.

✓ 4/24

[Stamp: U.S. COURT OF APPEALS APR 13 2006 ATLANTA, GA]

United States District Court
For the Middle District of Alabama
Northern Division

Frederic Anthony Grandinetti,
Petitioner-Appellant,

vs.    William Jefferson
President Bill Clinton,
Governor Riley - Alabama,
[illegible]
et al.) Respondents-Appellees.

No. Clerk's Letter
and 2:06-[illegible]-JAD, WDMS.
Notice of Appeal,
[illegible]

Pro Se Petitioner's Notice of Appeal

1. Notice is hereby given that the police action Petitioner and Respondents, in the above-named suit, hereby appeal to the United States Court of Appeals for the Eleventh Circuit at Atlanta, GA. The basis of appeal is the U.S. District Clerk's refusal to file the 42 U.S.C. §1983 lawsuit, based on the R.L.C.A. or such.

2. The R.L.C.A. is a "Confederate Law" and is unlawful. Also the Civil Rights Act of 1964 does not extend to the Confederate South. The law of present Montgomery, Confederate States has no jurisdiction over prisoners who are [illegible] under the Civil War ... [illegible] Confederate states are still U.S. enemies under the ruling of [illegible]

3. Petitioner is a victim of [illegible] hate crimes [illegible]. Petitioner is [illegible] the Confederate States of America (CSA) and is [illegible] Green Beret [illegible] Corps [illegible] the present claim and [illegible]

Respectfully Appellant, March 31, 2006
[signature]
[illegible]

✓ on Cross Appeal March 14 under 28/24/06
Attachment/Exhibit "D" 04/24/06